FILED'11 JUN 20 11:42USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD BRUCE ELLIS,

        Petitioner,

     v.

CITY OF PORTLAND, et al.,

        Respondents.

Case No. 1:11-cv-00460-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Magistrate Judge Clarke recommends dismissing the petition without prejudice. Petitioner moves for a 45-day extension of time to file objections. After reviewing the Report and Recommendation de novo, as though objections were filed, I adopt the Report and Recommendation.

1 - ORDER

## DISCUSSION

Petitioner alleges that on March 29, 2011 in Multnomah County Circuit Court, he pleaded guilty to forgery and identity theft and was sentenced to thirteen months' imprisonment. Petitioner filed this petition on April 14, 2011.

On May 18, 2011, this court notified petitioner that under 28 U.S.C. § 2254(b), he was required to exhaust his state remedies before bringing a habeas petition in this court. By memorandum dated May 26, 2011, petitioner responded that he had filed a direct appeal to the Oregon Court of Appeals on March 4, 2011, and a second direct appeal on March 18, 2011. Petitioner states, "There has been no response from [the Oregon Court of Appeals] as a generous amount of time has passed and this matter has languished and a genuine and sincere communication has been attempted."

Petitioner's direct appeal of his conviction is currently pending in state court, so I must dismiss the habeas petition for failure to exhaust state remedies. When an appeal of a state criminal conviction is pending, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Furthermore, no "'clearly established Federal law, as determined by the Supreme Court of the United States' recognizes a due process right to a speedy appeal." Hayes v. Ayers, 632 F.3d 500,

2 - ORDER

523 (9th Cir. 2011) (quoting 28 U.S.C. § 2254(d)(1)).

I deny as futile petitioner's motion for an extension of time to file objections.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#7) is adopted. Petitioner's motion for extension of time (#10) is denied. This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 20 day of June, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE